## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SUNSARRI ROBERTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1135-HE** |
| | ) | |
| **LORIE ALLEN et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff's motions for leave to proceed in forma pauperis (IFP). Docs. 2, 7.[1] United States District Judge Joe Heaton referred the IFP motions to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

## I.    Discussion.

The filing fee in civil cases is $405.00.[2] A court has discretion under 28 U.S.C. § 1915(a) in deciding whether to grant a civil litigant permission to proceed IFP. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]    The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

a district court order denying an in forma pauperis application for an abuse of discretion). "Section 1915(a) applies to all persons applying for [in forma pauperis] status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the Court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (internal citations omitted).

Turning to the first factor, Plaintiff, proceeding pro se, complains state officials violated her "4th Amendment & [her] family[']s rights" when they took her "dying child" and stole her children from her. Doc. 1, at 7-8. She does not state what relief she seeks from the Court. The Court finds Plaintiff's action to likely be frivolous.

As to the second factor, Plaintiff is not a prisoner. So the undersigned does not find that the special concerns attendant to prisoner cases apply.

For the final factor, Plaintiff states in her revised IFP motion that she receives a $1,086.00 monthly disability payment. Doc. 7, at 1. Her only expense is a monthly rent payment of $500.00. *Id*. at 2. And she has one dependent. *Id*.

Considering all these factors, Plaintiff has not shown a financial inability to pay the required fee. She is not burdened by financial obligations, she is not a prisoner, and her complaint is likely frivolous.

## II.    Recommendations.

The undersigned recommends the Court deny Plaintiff's IFP motions. Doc. 2, 7. The undersigned further recommends that the Court dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

The undersigned advises Plaintiff of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court **on or before October 31, 2025**. The Court further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives her right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 10th day of October, 2025.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE